### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION AT AKRON

| | |
|---|---|
| **DOMINIC ITALIANO**, *individually and on behalf of those similarly situated*, | CASE NO. 5:25-cv-1116 |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | CLASS ACTION |
| **SCHAEFFLER GROUP USA INC., SCHAEFFLER TRANSMISSION LLC, and LUK USA LLC**, | |
| Defendants. | |

### COMPLAINT & DEMAND FOR JURY TRIAL
#### (Class and Collective Action Complaint)

1.      Plaintiff, Dominic Italiano, on his own behalf and on behalf of those similarly situated (collectively referred to as "Plaintiff"), was an employee of Defendants, Schaeffler Group USA Inc., Schaeffler Transmission LLC, and LuK USA LLC. ("Defendants"), and brings this action for unpaid minimum wages, overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), the Ohio Prompt Pay Act, R.C. § 4113.15, and R.C. § 2307.60.

### INTRODUCTION

2.      Plaintiff, individually and on behalf of all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq*., to recover unpaid minimum and overtime wages owed to Plaintiff and all other similarly situated workers employed by Defendants; and (b) a Federal Rule of Civil Procedure 23 class action under the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code Ann. § 4113.15, and R.C. § 2307.60.

1

3.      The Fair Labor Standards Act was passed in 1938. Its principal purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

4.      The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707–08, 65 S.Ct. 895, 902 (1945).

5.      To the extent any partial payments have been made by Defendants to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6.      Defendants, a global automotive and industrial supplier business located in Wooster, Ohio, violated the FLSA and Ohio law by failing to pay Plaintiff and other similarly-situated employees for all hours actually worked.

7.      This action is intended to include each and every hourly paid employee who performed services on behalf of Defendants during the three years prior to the date of the filing of this Complaint to the present.

## PARTIES

8.      Plaintiff, and those similarly situated individuals, were paid an hourly rate, in exchange for work performed for Defendants.

9.      Plaintiff Dominic Italiano is an individual and resident of the State of Ohio.

10.     Plaintiff was employed by Defendants from approximately July 12, 2015, until February 24, 2025.

11.     Upon information and belief, Defendant Schaeffler Group USA Inc. is a Delaware corporation with its principal place of business located in South Carolina.

12.     Upon information and belief, Defendant Schaeffler Transmission LLC is a limited liability company organized under the laws of Delaware.

13.     Upon information and belief, Defendant LuK USA LLC, is a limited liablity company organized under the laws of Delaware.

14.     Defendant Schaeffler Group USA Inc., Schaeffler Transmission LLC, and LuK USA LLC, operate a facility located at 3401 Old Airport Road, Wooster, Ohio 44691.

15.     Upon information and belief, Defendant Schaeffler Group USA Inc. can be served through its registered agent, CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

16.     Upon information and belief, Defendant Schaeffler Transmission LLC can be served through its registered agent, CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

17.     Upon information and belief, Defendant LuK USA LLC, can be served through its registered agent, Schaeffler Group USA Inc., 5370 Wegman Drive, Valley City, OH 44280.

**JURISDICTION**

18.     This Court has original jurisdiction over Plaintiff' claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

19.     Plaintiff's state law claims are so closely related to his claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution, and therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

20.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants do business within this District.

**COVERAGE**

21.     At all material times during the last three years, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

22.     At all material times during the last three years, Defendants were an employer as defined by 29 U.S.C. § 203(d).

23.     Based on information and belief, Defendants have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time periods.

24.     At all times material, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

  a.   Engaged in commerce; or

  b.   Engaged in the production of goods for commerce; or

      c.   Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. supplies, computers, and/or cash registers).

25.    Therefore, Defendants are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§203(r) and 203(s).

26.    Defendants were, at all material times, were joint employers of Plaintiff and those similarly situated to him.

27.    Defendants engaged in related activities, i.e., all activities which are necessary to the operation of a supplied and manufacturer of components and systems for engine, transmission, and chassis applications.

28.    Defendants constituted a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

**FACTUAL ALLEGATIONS**

29.    Defendants are a global company and industrial supplier that manufactures high-precision components and systems for engine, transmission and chassis applications as well as rolling and plain bearing solutions for industrial applications. *See* https://www.schaeffler.us/us/company/ (last visited 5/21/2025).

30.    Defendants are and were an "employer" of Plaintiff and those similarly situated to him under the FLSA and OPPA.

31.    Plaintiff was employed by Defendants as an hourly, non-exempt "employee" of Defendants as defined by the FLSA and OPPA.

32.    Defendants paid Plaintiff and those similarly situated to him an hourly rate.

33.    Defendants are required to track all hours worked by their hourly employees.

34.     Defendants utilize an electronic timekeeping system to track hours for all hourly employees.

35.     This timekeeping system tracks the exact time that these employees' clock in and out down to the second.

36.     Defendants could and should pay their employees for all hours worked utilizing this exact data.

37.     Instead, Defendants rounded its hourly employees time to each employee's scheduled start and end times.

38.     For example, if Plaintiff clocked in seven minutes prior to his scheduled start time, Defendants would round Plaintiff's clock-in time up to his scheduled start time.

39.     Defendants' policies required Plaintiff and those similarly situated to him to clock in no more than seven minutes prior to the start of their shift.

40.     Defendants' policies punished Plaintiff and those similarly situated to him if they clocked in more than 7 minutes prior to their shift start.

41.     Defendants' policies also punished Plaintiff and those similarly situated to him if they clocked in after their scheduled start times.

42.     Yet, after Plaintiff and others similarly situated to him clocked in for his shifts, they would immediately begin performing job duties that are integral and indispensable to their production/manufacturing job duties.

43.     For example, Plaintiff immediately proceeded to his work area where he would obtain a briefing from an employee on a prior shift for his machine, perform mandatory quality checks of his machine and work area, perform other general preparation of his machine and work

area, and begin operating his machine up through and including until he clocks out at the end of his shift.

44.     Likewise, if Plaintiff clocked out seven minutes after his scheduled end time, Defendants would round Plaintiff's clock-out time down to his scheduled end time.

45.     As a result of Defendants 's policies and procedures, Defendants failed to pay rounded time *at all* to Plaintiff and those similarly situated.

46.     Defendants' policy of rounding time denied pay to Plaintiff and others similarly situated for which they should have been compensated.

47.     The overall effect of Defendants' timekeeping policy, when applied in conjunction with Defendants' other policies and workplace realities, is to deny Plaintiff and those similarly situated to him for all time worked.

48.     As a matter of workplace reality, employees typically clock in a few minutes *before* the scheduled start to their shift and/or clock out a few minutes *after* the scheduled end of their shift, or otherwise clock in and/or out in a way that disproportionally benefits Defendants.

49.     Plaintiff consistently clocked in a few minutes prior to the start of his scheduled shift.

50.     Plaintiff also consistently clocked out shortly after the end of his scheduled shift.

51.     At all relevant times, Defendants improperly failed to pay Plaintiff and those similarly situated to him for all hours worked.

52.     During his employment, Plaintiff and those similarly situated worked forty or more hours in one or more workweek(s).

53.     At all relevant times, Defendants improperly failed to pay Plaintiff and those similarly situated to him for all overtime wages owed.

54.     Defendants had / have a common pay policy and/or pay practice that fails to pay its hourly employees for all hours worked and/or overtime wages earned, in violation of the FLSA.

55.     Indeed, Defendant has applied its time rounding policy to systematically round employees' compensable work time down in Defendants' favor.

56.     Defendants' time rounding policy results, over a period of time, in a failure to compensate its employees for all of the time that they actually worked in violation of the FLSA.

57.     As a result, Plaintiff, and those similarly situated, were/are deprived of wages and other damages due to them under the FLSA.

58.     Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of rounding away the time of Plaintiff and those similarly situated to him.

59.     Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

60.     Defendants have acted willfully in failing to pay Plaintiff and those similarly situated to him in accordance with the law.

## COLLECTIVE ACTION ALLEGATIONS

61.     Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated hourly employees of the opt-in collective. The FLSA collective consists of the following:

> **All past and current nonexempt employees of Defendants who worked in Ohio utilized an electronic time system to track their hours, and were subject to Defendants' time rounding policy ("Collective Members").**

At present, the relevant period includes the three-year period prior to the filing of the Class and Collective Action Complaint and extends forward to the present.   The collective defined

herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

62.     Plaintiff and the Collective Members performed the same or similar job duties as one another in that they performed various production duties performed in Defendants' production facility.

63.     Plaintiff and the Collective Members were all hired by Defendants to perform hourly work in Defendants' production facility.

64.     Defendants were an "employer" of the class members under the FLSA.

65.     Plaintiff and those similarly situated to him were "employees" of Defendants as defined by the FLSA and OPPA.

66.     Plaintiff and the Collective Members were all paid an hourly rate in exchange for the work performed.

67.     Plaintiff and the Collective Members worked similar hours.

68.     Defendants failed to pay Plaintiff and the Collective Members for all hours worked.

69.     Further, Defendants failed to pay Plaintiff and the Collective Members all overtime wages owed.

70.     Plaintiff and the Collective Members were subjected to the same pay provisions, inasmuch as they were not compensated for time that Defendants unlawfully rounded away their time.

71.     Defendants' failure to compensate Plaintiff and the Collective Members for all hours worked, as required by the FLSA, results from a policy or practice wherein Defendants unlawfully rounded away the time of Plaintiff and the Collective Members, and thus failed to pay

Plaintiff and the Collective Members for all hours worked, and overtime wages owed, and is applicable to all putative Collective Members herein.

72.     These policies or practices were applicable to Plaintiff and the Collective Members.

73.     Application of these policies or practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of wages to Plaintiff applies to all Collective Members.

74.     Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and the class members all hours worked, and overtime wages owed.

75.     Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

76.     Defendants did not have any good faith basis for their failure to pay Plaintiff and the Collective Members for all hours worked.

77.     Defendants have acted willfully in failing to pay Plaintiff and the Collective Members in accordance with the law.

## CLASS ACTION ALLEGATIONS

78.     Plaintiff also brings a claim under the OPPA, arising out of the same facts as alleged above, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

**All past and current nonexempt employees of Defendants who worked in Ohio, utilized an electronic time system to track their hours, and were subject to Defendants' time rounding policy ("Class Members").**

At present, the relevant period includes the two-year period prior to the filing of the Class and Collective Action Complaint and extends forward to the present.  The class defined herein

remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

79.    Plaintiff's Ohio state law claims, described in detail below, satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

80.    The class numbers in the hundreds of people. As a result, joinder of all class members in a single action is impracticable.  Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice.

81.    There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members.  The questions of law and fact common to the classes arising from Defendants' actions include, without limitation, the following:

a.    Whether Defendants violated the OPPA by paying Plaintiff and class members less than all "wages earned" when it rounded their clock in / clock out times to the exclusive benefit of Defendants; and

b.    Whether Defendants acted in good faith.

82.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

83.    Plaintiff's claims are typical of those of the respective classes in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful practices as Plaintiff.

11

84.     A class action is the superior method for the fair and efficient adjudication of Plaintiff's claims.  Defendants have acted or refused to act on grounds generally applicable to the classes.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

85.     Plaintiff is an adequate representative because he is a member of each of the classes he seeks to represent, and his interests do not conflict with the interests of the members of those classes.  The interests of the members of the classes will be fairly and adequately protected by Plaintiff and his undersigned counsel, who is experienced in prosecuting complex wage and hour, employment, and class action litigation.

86.     Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in consistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I – UNPAID OVERTIME

87.     All of the preceding paragraphs are realleged as if fully stated herein.

88.     This claim is brought as part of a collective action by Plaintiff on behalf of himself and the Collective Members.

89.     Plaintiff and those similarly situated to him were not exempt from overtime under the FLSA.

90.    The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

91.    During the relevant time period, Plaintiff and the Collective Members worked more than forty hours in one or more workweeks.

92.    During the relevant time period, Defendants failed to pay Plaintiff and the Collective Members overtime for hours that they worked in excess of forty hours in a workweek.

93.    At all times relevant, Plaintiff and those similarly situated to him were engaged in commerce and/or production of sale of good for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 207(a).

94.    At all times relevant, Defendants have been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

95.    As a result of Defendants' unlawful acts, Plaintiff and the Collective Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

96.    Defendants' unlawful conduct, as described in this Complaint, has been intentional and willful. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the Collective Members.

97.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### COUNT II – VIOLATION OF OPPA

98.    All of the preceding paragraphs are realleged as if fully stated herein.

99.    This claim is brought as part of a class action by Plaintiff on behalf of himself and the Class Members.

100.    During all relevant times, Defendants were an entity covered by the OPPA, and Plaintiff and the Class Members have been employed by Defendants within the meaning of the OPPA.

101.    The OPPA requires Defendants to timely pay Plaintiff and the Class Members all wages, including unpaid overtime, in accordance with Section 4113.15(A).

102.    By failing to pay Plaintiff and the Class Members all wages due to them under the FLSA, Defendants have also violated the OPPA.

103.    Plaintiff and the Class Members' unpaid wages, including overtime, remained unpaid for more than thirty days beyond the regularly scheduled paydays.

104.    In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

105.    As a result of Defendants' willful violations, Plaintiff and the Class Members are entitled to unpaid wages and liquidated damages, as stated in Section 4113.15.

### COUNT III – VIOLATION OF § 2307.60

106.    All of the preceding paragraphs are realleged as if fully stated herein.

107.    Plaintiff asserts this claim on behalf of himself and the Collective Members.

108.    The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

109.    By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff and the Collective Members who join this suit have been injured as a result.

110.    O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

111.    As a result of Defendant's willful violations of the FLSA, Plaintiff and the Collective Members who join this suit are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests judgment as follows:

(a)    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied minimum wages for all hours worked, and overtime for all hours worked over 40 in a workweek;

(b)    Unpaid overtime and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201, *et seq*., and the supporting United States Department of Labor regulations;

(c)    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(d)    Designation of Plaintiff as a Class Representative and counsel of record as Class Counsel;

(e)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

(f)    An injunction requiring Defendants to pay all statutory required wages pursuant to the FLSA and OPPA;

(g)    Unpaid wages and liquidated damages under the OPPA;

     (h)     Compensatory and punitive damages;

     (i)     Pre- and post-judgment interest;

     (j)     Attorneys' fees and costs of this action;

     (k)     A reasonable incentive award for the lead Plaintiff to compensate him for the time he spent attempting to recover wages for Collective Members and Class Members and for the risks he took in doing so; and

     (l)     Such other relief as this Court shall deem just and proper.

## **JURY DEMAND**

Plaintiff demand trial by jury on all issues so triable as a matter of right by jury.

Dated: May 30, 2025

                                   *s/J. Corey Asay*
                                   J. Corey Asay
                                   HKM EMPLOYMENT ATTORNEYS LLP
                                   312 Walnut Street, Suite 1600
                                   Cincinnati, Ohio 45202
                                   T: (513) 318-4496
                                   E: casay@hkm.com

                                   *Counsel for Plaintiff and*
                                   *those similarly situated*

16

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2025, I filed the foregoing using the Court's CM/ECF system, which I understand will transmit notice to all counsel of record.

*s/J. Corey Asay*
*Counsel for Plaintiff*